UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CRAIG WILLIAM AUBUCHON, | ) | No. CV 11-09619-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.   Whether the Administrative Law Judge ("ALJ") properly

rejected the treating physician's opinion;

2.     Whether the ALJ properly articulated Plaintiff's residual functional capacity; and

3.     Whether the ALJ properly considered Plaintiff's testimony. (JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY DISCOUNTED THE OPINION OF DR. PULIDO**

In his Decision (AR 20-25), the ALJ assessed Plaintiff with a Residual Functional Capacity ("RFC") to perform the full range of light work. (AR 23.)  In making his determination, the ALJ evaluated the medical evidence in the record, giving "little weight" to the opinion of treating physician Dr. Pulido. (AR 24.)  Plaintiff asserts that this was error.

Although Plaintiff disputes any contention that Dr. Pulido is not his treating physician, this does not appear to be a real issue in this case, as the Commissioner does not contend to the contrary.  What is contested, rather, is the extent of treatment, and the type of treatment that Dr. Pulido provided.  Plaintiff claims that he has been treated by Dr. Pulido for 12 years, and sees him at least every other month. (AR 55-56.)  That would be approximately 70 visits; however, the record does not contain documentation reflecting such a frequency of treatment.  Thus, while Dr. Pulido, in the hierarchy of medical sources, must be considered a treating physician, the absence of a

1  longitudinal treatment record is relevant because the records which
2  are included in the file (AR 221-223; 281-295) are essentially
3  conclusory, "check the box" forms, which do not reflect any underlying
4  objective testing, laboratory results, or the like.  As such, they are
5  entitled to less credibility than if they had such support.  <u>See</u>
6  Social Security Ruling ("SSR") 96-2p; <u>Crane v. Shalala</u>, 76 F.3d 251,
7  253 (9th Cir. 1996), citing <u>Murray v. Heckler</u>, 722 F.2d 499, 501 (9th
8  Cir. 1983).  <u>See</u> <u>also</u> <u>Magallanes v. Bowen</u>, 881 F.2d 749, 751 (9th Cir.
9  1989).

10     Moreover, the ALJ relied upon opinions of consultative examiners
11  ("CE") whose opinions were rendered after doing objective testing
12  (<u>see</u>, e.g., internal medicine evaluation of Dr. Sicarz at AR 224-228,
13  referenced in ALJ Decision).  The testing performed during this 2009
14  examination indicated that Plaintiff at most had muscle spasm in his
15  back (AR 227), a normal gait, and the straight leg raising test was
16  negative. (AR 226-227.)

17     Moreover, the ALJ was entitled to and did rely upon the opinion
18  of the medical expert ("ME") who had reviewed all of the medical
19  records. (AR 24, 306, 309-314.)  All of these opinions were contrary
20  to the functional assessment rendered by Dr. Pulido.  It is the ALJ's
21  task to evaluate competing opinions and the evidence upon which they
22  are based, and that is exactly what occurred in this case.  The Court
23  finds no reason to disturb the ALJ's conclusions, and thus, rejects
24  Plaintiff's first issue.

25

26                                  **II**
27  **THE ALJ PROPERLY DETERMINED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**
28     Plaintiff argues in his second issue that although the ALJ found

that his severe impairments include urinary incontinence (AR 22), any limitations on Plaintiff's RFC due to this impairment were not factored into the ALJ's RFC, which allowed that he could perform the full range of light work. (AR 23.)

There is no direct correlation in Social Security law between the existence of a severe impairment at Step Two of the sequential evaluation process, and the inclusion of functional limitations based on all severe impairments at Step Four.  In this case, Plaintiff simply did not meet his burden of establishing that there were any functional effects from his incontinence, vis-a-vis his ability to do work.  Even his treating physician, Dr. Pulido, did not assess any specific limitations due to incontinence.  Moreover, evidence in the record indicates that Plaintiff did continue to perform part-time or sporadic work in the construction industry after his 2003 accident. (AR 55-56, 62, 127-129, 130-137, 238.)

For the foregoing reasons, the Court does not find merit in Plaintiff's second issue.

### III
### THE ALJ PROPERLY ASSESSED PLAINTIFF'S TESTIMONY

In his Decision, the ALJ acknowledged Plaintiff's allegation that he is unable to perform any work because of severe pain and incontinence. (AR 23.)  The ALJ provided limited credibility to these claims.  The issue for the Court is whether the ALJ's decision demonstrates an articulation of legally sufficient reasons to reject Plaintiff's testimony.  See Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995); Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).

Plaintiff cites Dr. Pulido's statement that his continuation of

4

work activities after his 2003 accident reflected a valiant but ultimately unsuccessful attempt to continue employment. But the fact is that Plaintiff did continue to work, although in an admittedly sporadic fashion, at a very demanding physical occupation, after his accident. Despite that, the ALJ, at Step Four of the sequential evaluation process, did not find that Plaintiff was able to perform the demands of his prior employment, but instead, reduced his RFC to an ability to perform light work.

As a proper credibility assessment factor, the ALJ also noted that despite Plaintiff's complaints of extreme disabling pain, he did not receive significant treatment, including the fact that his treating physician of 11 years never referred him to a back specialist, and there are no apparent records such as x-rays or MRIs for that entire period of time, although Plaintiff was able to pursue treatment. This lack of objective evidence in the face of allegedly disabling pain is a proper credibility factor. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff makes the claim that he could not afford additional treatment, and should not be faulted for not seeking or obtaining more comprehensive treatment for his severe pain, but this does not appear to be a very credible assertion in view of the fact that Plaintiff did have a treating doctor for what he claims is a continuous period of 11 years, but simply never got referred out for additional treatment.

In addition to the foregoing, the ALJ did consider some contradictions between Plaintiff's subjective claims and the objective medical evidence as a credibility factor. Of course, this cannot be the sole factor, but the clinical findings, which the Court has already referenced in this decision, are not consistent with a level

of extreme pain causing disability.

Further, Plaintiff's daily living activities were not as restricted as Plaintiff claimed. (<u>See</u> AR at 24, 56-57, 62, 127-129, 130-137, 238, 306.)

Taking these together, the Court concludes that the ALJ did articulate a sufficient number of reasons which are supported by the record to diminish Plaintiff's credibility as to his subjective limitations.    Thus, the Court cannot find reason to fault the credibility analysis which the ALJ performed and articulated in his Decision.  For that reason, the Court must conclude that Plaintiff's third issue does not have merit.

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: August 22, 2012                    /s/
                              VICTOR B. KENTON
                              UNITED STATES MAGISTRATE JUDGE